Charles M. Lizza
William C. Baton
Sarah A. Sullivan
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Celgene Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CELGENE CORPORATION,** | Civil Action No. _____ |
| **Plaintiff,** | **COMPLAINT FOR** |
| **v.** | **PATENT INFRINGEMENT** |
| **DEVA HOLDING A.S.,** | **(Filed Electronically)** |
| **Defendant.** | |

Plaintiff Celgene Corporation ("Celgene"), by its undersigned attorneys, for its

Complaint against Defendant Deva Holding A.S. ("Deva"), alleges as follows:

### Nature of the Action

1.      This is an action for patent infringement under the patent laws of the United

States, 35 U.S.C. § 100, *et seq.*, arising from Deva's submission of Abbreviated New Drug

Application ("ANDA") No. 217554 ("Deva's ANDA") to the United States Food and Drug

Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell,

and/or sell generic versions of Revlimid® (lenalidomide) drug products prior to the expiration of

United States Patent Nos. 7,465,800 (the "'800 patent") and 7,855,217 (the "'217 patent")

(together, "the patents-in-suit"), both owned by Celgene.

1

**The Parties**

2.      Plaintiff Celgene is a biopharmaceutical company committed to improving the lives of patients worldwide.  Celgene focuses on, and invests heavily in, the discovery and development of products for the treatment of severe and life-threatening conditions.  Celgene is a world leader in the treatment of many such diseases, including cancer.  Celgene is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 86 Morris Avenue, Summit, New Jersey 07901.

3.      On information and belief, Defendant Deva Holding A.S. is a corporation organized and existing under the laws of Turkey, having a principal place of business at Halkalı Merkez Mah. Basın Ekspres Cad. No:1 34303 Küçükçekmece - Istanbul Sicil No: 70061.

**The Patents-in-Suit**

4.      On December 16, 2008, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '800 patent, entitled, "Polymorphic Forms of 3-(4-amino-1-oxo-1,3 dihydro-isoindol-2-yl)-piperidine-2,6-dione."  A copy of the '800 patent is attached hereto as Exhibit A.

5.      On December 21, 2010, the USPTO duly and lawfully issued the '217 patent, entitled, "Polymorphic Forms of 3-(4-amino-1-oxo-1,3 dihydro-isoindol-2-yl)-piperidine-2,6-dione."  A copy of the '217 patent is attached hereto as Exhibit B.

**The Revlimid® Drug Product**

6.      The claims of the patents-in-suit cover, *inter alia*, solid forms of lenalidomide and pharmaceutical compositions containing lenalidomide.

7.      Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the patents-in-suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Revlimid®.

**Jurisdiction and Venue**

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9.      On information and belief, Deva is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

10.     On information and belief, this Judicial District is a likely destination for the generic drug products described in Deva's ANDA.

11.     This Court has personal jurisdiction over Deva pursuant to Federal Rule of Civil Procedure 4(k)(2), including because (a) Celgene's claims arise under federal law; (b) Deva is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Deva has sufficient contacts with the United States as a whole, including, without limitation, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Deva satisfies due process.

12.     On information and belief, Deva submitted ANDA No. 217554 seeking FDA approval to engage in the manufacturing, use, importation, distribution, offer to sell, and/or sale of the 2.5 mg, 5 mg, 10 mg, 15 mg, 20 mg, and 25 mg lenalidomide capsules that are the subject of Deva's ANDA ("Deva's Proposed Products"), throughout the United States, including in New Jersey and in this Judicial District, prior to the expiration of the patents-in-suit.

3

13.   On information and belief, Deva intends to benefit directly if its ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of the generic drug products that are the subject of Deva's ANDA.

14.   Venue is proper in this Judicial District for Deva pursuant to 28 U.S.C. §§ 1391 and/or 1400(b), including, for example, because Deva is a company organized and existing under the laws of Turkey and may be sued in any judicial district.

**Acts Giving Rise To This Suit**

15.   Pursuant to Section 505 of the Federal Food, Drug, and Cosmetic Act ("FFDCA"), Deva submitted its ANDA seeking approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Deva's Proposed Products before the patents-in-suit expire.

16.   On information and belief, following FDA approval of Deva's ANDA, Deva will make, use, sell, or offer to sell Deva's Proposed Products throughout the United States, or import such generic products into the United States.

17.   On information and belief, in connection with the submission of its ANDA as described above, Deva provided a written certification to the FDA pursuant to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Deva's Paragraph IV Certification"), alleging that the claims of the patents-in-suit are invalid and/or will not be infringed by the activities described in Deva's ANDA.

18.   No earlier than April 17, 2023, Deva sent to Celgene a letter purporting to provide Celgene with notice of Deva's Paragraph IV Certification ("Deva's Letter").  Deva's Letter alleged that the claims of the '800 and '217 patents are invalid and/or will not be infringed by the activities described in Deva's ANDA.  Deva's Letter conveyed that Deva seeks approval to

4

market Deva's Proposed Products before the patents-in-suit expire.  Deva specifically directed Deva's Letter to Celgene's headquarters in Summit, New Jersey, in this Judicial District.

19.    Deva's Letter failed to comply with 21 C.F.R. § 314.95(c)(9).

## Count I: Infringement of the '800 Patent

20.    Celgene repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

21.    Deva's submission of its ANDA, with the accompanying Paragraph IV Certification and purported notice to Celgene of same, to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Deva's Proposed Products, prior to the expiration of the '800 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

22.    There is a justiciable controversy between the parties hereto as to the infringement of the '800 patent.

23.    Unless enjoined by this Court, upon FDA approval of Deva's ANDA, Deva will infringe one or more claims of the '800 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Deva's Proposed Products in the United States.

24.    Unless enjoined by this Court, upon FDA approval of Deva's ANDA, Deva will induce infringement of one or more claims of the '800 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Deva's Proposed Products in the United States.  On information and belief, upon FDA approval of Deva's ANDA, Deva will intentionally encourage acts of direct infringement with knowledge of the '800 patent and knowledge that its acts are encouraging infringement.

25.   Unless enjoined by this Court, upon FDA approval of Deva's ANDA, Deva will contributorily infringe one or more claims of the '800 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Deva's Proposed Products in the United States.  On information and belief, Deva has had and continues to have knowledge that Deva's Proposed Products are especially adapted for a use that infringes one or more claims of the '800 patent and that there is no substantial non-infringing use for Deva's Proposed Products.

26.   Celgene will be substantially and irreparably damaged and harmed if Deva's infringement of the '800 patent is not enjoined.

27.   Celgene does not have an adequate remedy at law.

28.   This case is an exceptional one, and Celgene is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count II: Infringement of the '217 Patent

29.   Celgene repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

30.   Deva's submission of its ANDA, with the accompanying Paragraph IV Certification and purported notice to Celgene of same, to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Deva's Proposed Products, prior to the expiration of the '217 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

31.   There is a justiciable controversy between the parties hereto as to the infringement of the '217 patent.

32.     Unless enjoined by this Court, upon FDA approval of Deva's ANDA, Deva will infringe one or more claims of the '217 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Deva's Proposed Products in the United States.

33.     Unless enjoined by this Court, upon FDA approval of Deva's ANDA, Deva will induce infringement of one or more claims of the '217 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Deva's Proposed Products in the United States.  On information and belief, upon FDA approval of Deva's ANDA, Deva will intentionally encourage acts of direct infringement with knowledge of the '217 patent and knowledge that its acts are encouraging infringement.

34.     Unless enjoined by this Court, upon FDA approval of Deva's ANDA, Deva will contributorily infringe one or more claims of the '217 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Deva's Proposed Products in the United States.  On information and belief, Deva has had and continues to have knowledge that Deva's Proposed Products are especially adapted for a use that infringes one or more claims of the '217 patent and that there is no substantial non-infringing use for Deva's Proposed Products.

35.     Celgene will be substantially and irreparably damaged and harmed if Deva's infringement of the '217 patent is not enjoined.

36.     Celgene does not have an adequate remedy at law.

37.     This case is an exceptional one, and Celgene is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Celgene respectfully requests the following relief:

(A) A Judgment that Deva has infringed the patents-in-suit by submitting ANDA No. 217554 with the accompanying Paragraph IV Certification and purported notice to Celgene of same;

(B) A Judgment that Deva has infringed, and that Deva's making, using, selling, offering to sell, or importing Deva's Proposed Products will infringe one or more claims of the patents-in-suit;

(C) An Order that the effective date of FDA approval of ANDA No. 217554 be a date which is not earlier than the later of the expiration of the patents-in-suit, or any later expiration of exclusivity to which Celgene is or becomes entitled;

(D) Preliminary and permanent injunctions enjoining Deva and its officers, agents, attorneys and employees, and those acting in privity and/or concert with them, from making, using, offering to sell, selling, or importing Deva's Proposed Products until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Celgene is or becomes entitled;

(E) A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Deva, its officers, agents, attorneys and employees, and those acting in privity and/or concert with them, from practicing any solid forms of lenalidomide or compositions claimed in the patents-in-suit, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit, until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Celgene is or becomes entitled;

(F) A Judgment that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Deva's Proposed Products will directly infringe, induce infringement of, and/or contribute to infringement of the patents-in-suit;

(G)   To the extent that Deva, its officers, agents, attorneys and/or employees, or those acting in privity and/or concert with them, has committed any acts with respect to the solid forms of lenalidomide or compositions, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Celgene damages for such acts;

(H)   If Deva, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, engages in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Deva's Proposed Products prior to the expiration of the patents-in-suit, a Judgment awarding damages to Celgene resulting from such infringement, together with interest;

(I)   A Judgment declaring that the patents-in-suit remain valid and enforceable;

(J)   A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Celgene its attorneys' fees incurred in this action;

(K)   A Judgment awarding Celgene its costs and expenses incurred in this action; and

(L)   Such further and other relief as this Court may deem just and proper.

Dated: May 31, 2023

*Of Counsel*:

F. Dominic Cerrito
Eric C. Stops
Andrew S. Chalson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

Anthony M. Insogna
JONES DAY
4655 Executive Drive
San Diego, CA 92121
(858) 314-1200

Matthew J. Hertko
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
(312) 782-3939

By:    s/ Charles M. Lizza
      Charles M. Lizza
      William C. Baton
      Sarah A. Sullivan
      SAUL EWING LLP
      One Riverfront Plaza, Suite 1520
      Newark, New Jersey 07102-5426
      (973) 286-6700
      clizza@saul.com

      *Attorneys for Plaintiff*
      *Celgene Corporation*

10

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2 & 40.1**

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that more than twenty-five related matters have been before the Honorable Susan D. Wigenton and the Honorable Leda D. Wettre, which are related to the matter in controversy because they involved the same plaintiff and some of the same patents, and/or because Deva is seeking FDA approval to market generic versions of the same pharmaceutical product. *See Celgene Corporation v. Qilu Pharmaceutical Co. Ltd.*, Civil Action No. 22-3753 (SDW)(LDW) (D.N.J.) (complaint filed on June 13, 2022, civil case terminated on October 14, 2022); *Celgene Corporation v. Oncogen Pharma (Malaysia) Sdn Bhd*, Civil Action No. 22-2952, (SDW)(LDW) (D.N.J.) (complaint filed on May 20, 2022, civil case terminated on May 25, 2022); *Celgene Corporation v. Hikma Pharmaceuticals USA Inc.*, 21-20459 (SDW)(LDW) (D.N.J.) (complaint filed on December 10, 2021, civil case terminated on January 13, 2022); *Celgene Corporation v. Alembic Pharmaceuticals Ltd*, Civil Action No. 21-20099 (SDW)(LDW) (D.N.J.) (complaint filed on November 18, 2021, civil case terminated on July 5, 2022); *Celgene Corporation v. Torrent Pharmaceuticals Ltd*, Civil Action No. 21-12927 (SDW)(LDW) (D.N.J) (complaint filed on June 23, 2021, civil case terminated on August 12, 2021); *Celgene Corporation v. Biocon Pharma Limited*, Civil Action No. 21-11261 (SDW)(LDW) (D.N.J.) (complaint filed on May 14, 2021, civil case terminated on September 8, 2021); *Celgene Corporation v. Hikma Pharmaceuticals USA, Inc.*, Civil Action No. 21-10398 (SDW)(LDW) (D.N.J.) (complaint filed on April 28, 2021, civil case terminated on January 13, 2022); *Celgene Corporation v. Aurobindo Pharma Ltd.*, Civil Action No. 21-624 (SDW)(LDW) (D.N.J.) (complaint filed on January 12, 2021, civil case terminated on July 19, 2021); *Celgene Corporation v. Hetero Labs Limited*, Civil Action No. 20-14389 (SDW)(LDW) (D.N.J.) (complaint filed on October 13, 2020, civil case terminated on

11

September 27, 2021); *Celgene Corporation v. Lupin Ltd.*, Civil Action No. 20-8570 (SDW)(LDW) (D.N.J.) (complaint filed on July 9, 2020, civil case terminated on December 14, 2021); *Celgene Corporation v. Cipla Limited*, Civil Action No. 20-7759 (SDW)(LDW) (D.N.J.) (complaint filed on June 24, 2020, civil case terminated on December 14, 2020); *Celgene Corporation v. Aurobindo Pharma Ltd.*, Civil Action No. 20-315 (SDW)(LDW) (D.N.J.) (complaint filed on January 8, 2020, civil case terminated on July 19, 2021); *Celgene Corporation v. Mylan Pharmaceuticals Inc.*, Civil Action No. 19-22231 (SDW)(LDW) (D.N.J.) (complaint filed on December 31, 2019, civil case terminated on July 22, 2021); *Celgene Corporation v. Cipla Limited*, Civil Action No. 19-14731 (SDW)(LDW) (D.N.J.) (complaint filed on July 3, 2019, civil case terminated on December 14, 2020); *Celgene Corporation v. Apotex Inc.*, Civil Action No. 19-13994 (SDW)(LDW) (D.N.J.) (complaint filed on June 19, 2019, civil case terminated on March 10, 2021); *Celgene Corporation v. Sun Pharmaceutical Industries, Inc.*, Civil Action No. 19-10099 (SDW)(LDW) (D.N.J.) (complaint filed on April 16, 2019, civil case terminated on June 22, 2021); *Celgene Corporation v. Hetero Labs Limited*, Civil Action No. 18-17463 (SDW)(LDW) (D.N.J.) (complaint filed on December 20, 2018, civil case terminated on January 11, 2021); *Celgene Corporation v. Sun Pharmaceutical Industries, Inc.*, Civil Action No. 18-11630 (SDW)(LDW) (D.N.J.) (complaint filed on July 13, 2018, civil case terminated on June 22, 2021); *Celgene Corporation v. Lotus Pharmaceutical Co., Ltd.*, Civil Action No. 18-11518 (SDW)(LDW) (D.N.J.) (complaint filed on July 10, 2018, civil case terminated on March 29, 2019); *Celgene Corporation v. Cipla Limited*, Civil Action No. 18-8964 (SDW)(LDW) (D.N.J.) (complaint filed on May 8, 2018, civil case terminated on June 8, 2020); *Celgene Corporation v. Zydus Pharmaceuticals (USA) Inc.*, Civil Action No. 18-8519 (SDW)(LDW) (D.N.J.) (complaint filed on April 27, 2018, civil case terminated on March 24,

12

2021); *Celgene Corporation v. Apotex Inc.*, Civil Action No. 18-461 (SDW)(LDW) (D.N.J.) (complaint filed on January 11, 2018, civil case terminated on March 10, 2021); *Celgene Corporation v. Lotus Pharmaceutical Co., Ltd.*, Civil Action No. 17-6842 (SDW)(LDW) (D.N.J.) (complaint filed on September 6, 2017, civil case terminated on September 5, 2019); *Celgene Corporation v. Cipla Limited*, Civil Action No. 17-6163 (SDW)(LDW) (D.N.J.) (complaint filed on August 15, 2017, civil case terminated on December 14, 2020); *Celgene Corporation v. Zydus Pharmaceuticals (USA) Inc.*, Civil Action No. 17-2528 (SDW)(LDW) (D.N.J.) (complaint filed on April 12, 2017, civil case terminated on March 24, 2021); *Celgene Corporation v. Dr. Reddy's Laboratories, Ltd.*, Civil Action No. 16-7704 (SDW)(LDW) (D.N.J.) (complaint filed on October 20, 2016, civil case terminated on September 17, 2020); *Celgene Corporation v. Natco Pharma Limited*, 14-3126 (SDW)(LDW) (D.N.J.) (complaint filed on May 15, 2014, civil case terminated on January 5, 2016); *Celgene Corporation v. Natco Pharma Limited*, 12-4571 (SDW)(MCA) (D.N.J.) (complaint filed on July 20, 2012, civil case terminated on November 13, 2012); and *Celgene Corporation v. Natco Pharma Limited*, 10-5197 (SDW)(LDW) (D.N.J.) (complaint filed on October 8, 2010, civil case terminated on January 5, 2016).

I further certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  May 31, 2023

*Of Counsel*:

F. Dominic Cerrito
Eric C. Stops
Andrew S. Chalson
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

Anthony M. Insogna
JONES DAY
4655 Executive Drive
San Diego, CA 92121
(858) 314-1200

Matthew J. Hertko
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
(312) 782-3939

By: s/ Charles M. Lizza
    Charles M. Lizza
    William C. Baton
    Sarah A. Sullivan
    SAUL EWING LLP
    One Riverfront Plaza, Suite 1520
    Newark, New Jersey 07102-5426
    (973) 286-6700
    clizza@saul.com

    *Attorneys for Plaintiff*
    *Celgene Corporation*

14